may it please the court good morning Robert Swain for appellant Joseph Scott joined with me is Jamie Farrar who represents the co-defendant Dorsey we'd like to split our time and reserve four minutes for rebuttal your honors as the court knows in this case the defendant entered a plea agreement that did not call for an increase for use of a minor under 3b 1.4 yet before sentencing and at sentencing neither his attorney nor the government counsel raised an objection to that increase our contention of course is that was ineffective assistance of counsel in violation of the Sixth Amendment because the attorney certainly has a duty to try and have the court go along with the plea agreement the government's argument now that an objection would have been frivolous means that the government entered into a plea agreement that they had no hope that would have been followed by the court yet there's no new sentencing that weren't known at the time the plea agreement was made in fact the only new facts that came out were mr. Scott's statements to the probation officer in which he reasserted that he had been brought to the scene where the van was did not have anything to do with miss Dorsey the co-defendant prior to that moment did and had nothing to do with procuring or encouraging the children and in fact the probation officer recommended acceptance of responsibility the judge gave the reduction for acceptance of responsibility so nobody had a problem with his statement to the probation officer well counsel I assume the plain error review applies here in terms of the substance of the substantive issue of whether 3b 3b 1.4 applies yes because there was no objection made but of course that's not the same standard that the court uses to determine whether there was ineffective assistance of counsel well we're not on a IAC yet but but in terms of the question of whether the position of the enhancement for the use of the minors in the crime was erroneous as the plain error standard I guess I have to ask you it just seemed to me that there was so much evidence in this record about the use of these children well the evidence in the record only went to the co-defendants use of the children yes that's what the record shows but the the 3b 1.4 in the commentary and this court has said to use means to directly counsel encourage train procure recruit solicit the minor not that at the time of apprehension he comes up with some quick statement of why the children are in the car I don't read Castro Hernandez as being that sort of strict in terms of when the government can do this Castro Hernandez the kids are in the car I guess the son who's in the car and the argument is well you haven't shown that he's been used in connection with but there was enough evidence by which it could have been shown that he was but all those sort of qualifiers you put in I don't read those into the our opinion in Castro Hernandez well in Castro Hernandez it was the defendant and the defendant alone who had his own child there correct you know in this case you have to remember also it's the government's burden of proof on an enhancement like this and there is not even evidence that Mr. Scott encouraged recruited counseled the co-defendant much less what are the words of the guideline because those your words you just use are not in the guideline correct well that's the commentary to the guideline yes but what's the what are the words the guideline it's the to use a minor to well and I think it's there's an avoid I don't know I don't know if it's I apologize I can't remember the exact language but that language has been interpreted by Parker and Jimenez as saying what does use mean in that sentence in the guideline to mean that the defendant has to directly do one of these actions towards the child but the commentary says use or attempted to use includes and then it gives these things doesn't say means that's correct but both Parker and Jimenez say well it does mean that there has to be some affirmative act along those lines there's never been a case that says you know if a defendant doesn't do anything to bring affirmatively takes no action to bring the minor into the ambit of the crime and then simply says a couple of words to the border patrol agent at the time of apprehension that that somehow is enough to show that the defendant actively affirmatively brought the minor the point of the guideline is as Parker points out it's not just that there's a minor around it's to bring the minor into it encourage the minor to come into it and the facts of this case all show both Mr. Scott and the scene in Mr. Scott's probation interview he said he was brought to the scene had no prior contact there's no evidence for the government to make its burden meet its burden of proof to show that the defendant actively brought the defendant into it and of course if the court has some doubts as to the complete inapplicability of the guidelines certainly there's a basis for remand so that there's an attorney who brought who brings the objection that's outside the terms of the plea agreement so that the and can argue these things before the district court judge there was no argument even made before the district court judge it's certainly not a frivolous argument and once again I don't think it's a frivolous argument at all but the standard for direct review is plain error the standard for Strickland is not whether it's frivolous the standard is whether there's prejudice correct and on a prejudice showing the government says well there could be no prejudice this is similar to filing a motion that has no merit well yeah there has to be a reasonable chance that it would affect the outcome but on a close call like this where to have the defense attorney advocate the lack of connection between Mr. Scott and the bringing of the children there's certainly a reasonable possibility that would have changed the outcome there's no possible reason for the defense attorney not to try and ask to make the objection required and to have the court follow the plea and how much did this sentence I mean I realize we're sort of in non-guideline guideline land but how much does the sentence go up roughly as far as we can guess because of the this particular enhancement how many additional months went on well it raised the offense over two levels so instead of a 24 to 30 month range it was a 30 to 37 month range and it was 33 months imposed so if the court went mid-range it's it'd be six to eight months that's that's that's the range we're talking about and of course as the court is held a lesser sentence like that is also prejudice counsel with respect to the ineffective assistance of counsel claim we do have a strong tradition in this court that we only entertain those on 2255 motions why should we make an exception in this case the court should make an exception in this case because the record shows there's no possible tactical reason to fail to raise the objection and to get the plea agreement before the court the government's the only response they have is the only thing they can dream up as a tactical reason is that to increase the credibility of the attorney before the court because it was such a frivolous objection but that's on an aspect of the plea agreement that the government itself was bound not to recommend and there were no new facts known at sentencing than at the entry of the plea and so there's no the exception that this court can look to is you can see on the record there's no possible explanation reasonable explanation there's no possible tactical reason to not try to enforce the plea agreement and to raise an objection to an inapplicable guideline increase yeah and your client's probably now serving time correct how much time does he have left i'm trying i'm looking i'm looking at the 2255 question in terms of is there is there realistically time to make it given the length of the sentence and given the issue how much time is at issue well i i don't know it's his release date now is next april next so a little over a year from now when you say next april correct okay um but you know when when you're 2255 not having raised it but there's no new information what can the trial attorney say but my point is that to say wait to 2255 that's illusory given the time required for it to go through this he's probably going to be out certainly illusory and if it ever went to the court of appeal because there's no way that we could litigate the matter before the district court and get back here so i guess i've gone over more than i thought that it would i'd like to go morning your honors may it please the court i am jamie farrar and i represent edwina lee dorsey really the only issue that remains for miss dorsey is whether or not the court imposed an unreasonable sentence in her case my argument on appeal is that judge thompson gave undue weight to the guidelines and neglected to give sufficient weight to the 3553a factors what is our standard of view on this issue it's reasonableness right so long as the judge addressed the 3553a factors our review is for reasonableness is that a fair statement yes yes your honor the district court during the plea colloquy spoke about the weight of the guidelines that should be given by the court and spoke about the agreements between the parties as to the guidelines and on several occasions stated that the guidelines are only one or two factors that he would take into account um that he would take them into consideration but it doesn't go any further than that and that the guidelines would have only a very slight effect on him when sentencing miss dorsey however at sentencing the court stated that the sentence will be within the guideline range uh he stated that um he has to establish the guideline range as did the probation officer that since it's a guideline sentence uh it would be difficult to say that it was not avoiding unwarranted sentencing disparities because that's what the purpose of the guidelines is in fact the court addressed only the guidelines before he pronounced a sentence on miss dorsey and stated that her sentence guideline would be 24 to 30 months and sentenced her to the mid-range of 27 months and pronounced the terms of the sentence stated there would be no fine and imposed supervised release and only then did he then discuss the 35 53a factors but where did he go wrong what was the error that would make this sentence unreasonable well your honor i think that he he basically just adopted what the probation officer had stated as her rationale for the sentence and did not consider any of the arguments that it had been made by me on behalf of miss dorsey in mitigation under the 35 53 35 53a factors was there any argument with respect to these considerations or was dissolved by written briefs no i i did argue your honor and it was included in the sentencing um in the excerpt of record the full transcript of the sentencing hearing where i did articulate all of the factors under 35 53a that i thought the court should consider in mitigation additionally at the time when when judge thompson stated in for miss dorsey that he would be imposing the 3b 1.4 enhancement and our clients were sentenced separately so my client was sentenced after mr scott had been 3b 1.4 enhancement i then are he had ruled on my objection to that because i did have the opportunity to file an objection and then i argued um for a guideline variation under um cook and coon and a combination of circumstances um and articulated those factors as well but what occurs to me is that if the trial judge is thompson um having made that decision with respect to the specific sentence entertained your argument heard your argument but for reasons that would presumably be reasonable decided that he was going to go a little higher i guess um this was 18 to 24 in the plea agreement and he actually got 27 so it's a three-month increase um i'm just having a problem how do i how do i get my hands around what it is that judge thompson did wrong well your honor i think that that by making the guidelines presumptive or my argument that that i believe that the court made the guidelines presumptive he he basically seemed to be saying that the guidelines are where we start it's where we stay unless you give me a reason from which to deviate and i think that under zavala this court said that that is is not appropriate um your honor it is not just a three-month difference uh in in reasonableness miss dorsey's plea agreement called for a low range recommendation by the parties it was an 18-month plea agreement that was in an 18-month sentence that was recommended by both miss dorsey and the government the sentence of 27 months is actually nine months higher than what the plea agreement called i thought it was a range 18 to 24 it is 18 to 24 but the actual recommendation in in the sentencing summary chart that was provided to the court in the supplemental excerpt the actual recommendation of the government and miss dorsey was 18 months council you're down to minutes did you want to reserve i will reserve your honor thank you so we'll hear from the government good morning your honors nicole jones to the united states i'll begin with mr scott's arguments regarding the use of a minor enhancement the government's position is that the under the plain error analysis the district court did not plainly error there was ample evidence in the record that mr scott used minors to further the commission of this offense within the meaning of both the guidelines and the application note as well as can you fit what uh he did within not the meaning of the word use which is the guideline word but within the meaning of the specific examples in the commentary yes your honor although the government's position would be that one wouldn't necessarily need to shoehorn a defendant's actions into those specific examples i understand because this is includes which doesn't mean it means only but can you fit what he did within any of these specific words mentioned in the in the commentary i believe that you fairly can which words to begin with um use includes direct directing and what did he do to direct the use of these children mr scott arrived at the location where the alien smuggling event began he did not arrive as far as the record reflects with the children they came separately once he arrived there he was given fake registration documents in his name for the vehicle a fraudulent driver's license the vehicle containing the specialized compartment and a fake family to present with him at the border in the form of miss dorsey and her three children at the moment he took all of these implements got into the truck and drove to the border at that point he was the director of the offense if you will in the words of the guidelines to use the word direct direct means to manage or guide to supervise to show the way at that point of everyone involved he was certainly in the role of the director he also can fairly be said to have encouraged at the moment he got to the border upon questioning by the cbp officer what what is your purpose to go into the united states i'm bringing my a year by taking those actions in front of the children even even if he didn't directly tell them on the way to lie which he more than likely did but even assuming he didn't say a word to them on the way to the border by taking those actions in front of the children at the border he was certainly at least implicitly encouraging them to go along with the lie and not tell the federal officer who is in front of them well no actually this isn't my father and we're not going to school i don't live with him in mexico okay moving on to and moving past the the guidelines just to just the word use and what the use the word use normally means uh under these facts the government believes that there's certainly sufficient evidence that he used the children as a decoy there's in fact no evidence unlike the other cases that this court has heard jimenez castro hernandez and since these briefs were submitted presciato in those cases there was at least some question the courts were required to draw an inference from actions as to what the purpose of the children being in the vehicle was here we know for sure what the purpose was miss dorsey admitted that she was told to bring the children to make it easier to get across the border and mr scott admitted that he was told to act like they were his family under these circumstances pastor hernandez says that the guidelines certainly cut use means using as a decoy and everybody involved used these children as a decoy moving on to ineffective assistance of counsel the government's position is still that this argument isn't properly before the court on direct appeal what more would we learn if we postpone this to a 2255 i believe your honor and let me begin by um responding that when i after reading um the reply briefs and and the word frivolous i would i would say at this point that in retrospect that word certainly would not reappear in the brief and my intention was not actually to characterize mr swain's argument as frivolous i believe mr swain and the argument that has been made on appeal on behalf of mr scott is the best argument that could possibly be made the government does not believe it's accurate but it's a very good argument but um ineffective assistance of counsel does not require counsel to come up with the very best argument possible you know let me stick with the question as to whether we should get to it now the reason let me if it's not already clear here's the essential basis for my question ordinarily we do postpone iac claims either to 2255 or the state court will postpone them to later and then eventually we get them 2254 the reason for that is usually for an iac claim you got to go outside the record that is it'll be the defense attorney didn't interview these three witnesses that i presented to him as valuable valid alibi witnesses etc but i don't see any need to go outside the record so tell me why we should postpone this iac claim to 2255 i see your honor i apologize yeah no that's okay um i believe that the point that the government was attempting to make in the brief is that we at this based on this record we don't know why um counsel before the district court made the decisions that that she made um that would be the only reason we're relying i see you think the council could have had a good reason i can't imagine one your honor the from the record i understand i agree with you council should have raised the objection to to preserve it and to make it the what the government believes happened based on reading what council did argue at the hearing is that she was attempting to parlay it into a minor role reduction strategically she appeared to be fighting for the minor role reduction my my reading of the record is that she did not see this particular argument that use requires it to be the parent or the person physically putting someone in the car that use means use and the record was clear that there was admissions that they were using the children as a decoy and that strategically her decision was to to use to use that she's even said it in in the record if your honor is inclined to use the use of a minor enhancement i would ask for minor role i believe she made that argument twice she did make the equitable arguments that are being made on appeal that mr scott wasn't the children's parents he wasn't really responsible for them showing up in the first place that he didn't use his own children so strategically that would be the reason the government would proffer us as perhaps why she chose the route that she did okay the breach of the plea agreement argument hasn't been been raised yet but that was covered in the briefing and and what the government would say on that point is is that the government council was not required under the terms of the plea agreement to make any objective any objections or any affirmative arguments during sentencing the government submitted a sentencing summary chart in accordance with the plea agreement and the government also at sentencing although after sentence had already been pronounced attempted to put on the record that the government was still recommending a 24 month sentence in accordance with the plea agreement council's comments with the court at most were merely acknowledging that his prior statement regarding the order of the application of the enhancements was not correct and then council sat down the government does not see how that can be termed a breach the plea agreement and even if it was it was waived finally as to uh sentencing beginning with scott and and then to miss dorsey judge thompson in this case made it very clear in both sentencings that he was he would calculate the guidelines and consider the guidelines but that he was not considering the guidelines to be presumptive or mandatory in any way in both cases he went through each of the 35 53a factors he gave extensive reasoning based on history and characteristics of the defendants the seriousness of the offenses and the nature of the crimes and a fair reading particularly in mr scott's case of the sentencing transcript is that his that the judge's reasoning was that the more systemic purposes of sentencing were were well served by a guidelines sentence and under gall which also came out more recently and and under the statements in rita about that the courts must always keep guidelines in the back in the forefront of their mind that the guidelines were the product of reasoned study and that it's fair to assume that the guideline a guideline sentence is a rough approximation of the appropriate sentence that judge thompson in this case did not err and certainly was not unreasonable in giving his sentencing in either case as specifically to miss dorsey in that case he even went um further he be he did give the guidelines first and pronounced sentence and then gave his reasoning he began by stating that this took him quite a bit of time quite a bit of time and said the reason for that was the quality of defense submissions she submitted memorandums she submitted multiple letters from defendants family and then judge thompson continued to go through each of the 35 53a factors under this record he certainly considered everything that he was required to consider went through it in detail and his sentence was reasonable thank you counsel thank you mr swain between you you have about four minutes thank you counsel mr swain thank your honor in terms of the the enhancement the government simply has not shown a way to distinguish this case from parker and jimenez in fact there's less evidence because there's no evidence that mr scott even knew there were going to be minors there when he was recruited to be the driver when he agreed to be the driver he was brought to the scene get somebody else to drive this if these kids in here well then he wouldn't even be he didn't have to stay in the car and start driving when the children got in well then he wouldn't even be uh here for any criminal offense i think that's right uh and so uh but but by the same token the government didn't put those kids in the car well in jimenez it was his the the parent uh himself who put uh or herself i guess that put the child in the car and there was insufficient evidence in that case this is even more removed because uh it's not uh mr scott who brought the extra children well i think that the court was talking about the fact that in the compartment there were um being smuggled there was uh children in the compartment i think that's what the court was referring to and the court wasn't referring to that it should have been referring to application note three if defendant used or attempted to use more than one person less than 18 an upward reference below but but but again there's if in a case in a bank robbery the co-participant in the bank robbery is a minor and the defendant knows it and that's insufficient because there wasn't affirmative evidence that the defendant brought the minor into the offense if in a case where the parent him or herself brings the child along and that's insufficient how can it be the government's argument rests on is that at the time of apprehension at the border he tries to come up with a cover story in order to get through that is not the same as actively intimidating or bringing the witnesses in as far as the ineffective assistance claim i think the government conceded that the argument should have been made the government suggests well you're not there's nothing more that would be gained by starting the process again on a 2250 fine we would have to if we were going to do this on this record we would have to say that there was a strickland violation because for some reason council didn't uh remind the judge of the terms of the plea agreement and the explanation we don't know what it might be maybe he was intimidated by this particular judge or by the circumstances of the case or maybe she was i don't remember now but what um what what this court tries to avoid doing is uh speculating on a record on appeal as to matters that might come up in a hurt and a hearing and a post post-conviction proceeding and usually in a habeas proceeding you bring in the witnesses they testify what they were thinking about what they were doing why they didn't do it and so on and then the district judge makes a strickland analysis we we rarely do this on a on a record like this i understand that but as the government's conceded they can't come up with any reason why there wouldn't be an objection well i don't think the government quite conceded that she said that but then she said but you know i can see kind of what the defense lawyer was thinking about she was trying to use this to get minimization and so on and but of course that argument was precluded by the plea and asking for minor role was precluded from the plea agreement and i just repeat one final thing there were no new facts known at the time that the plea uh from when the time of the plea was entered so what is happening is the defendant is entering a plea agreement that the government and his attorney know cannot be followed not even be attempted to have the court comply with that can't be that's not fair the make the uh at least token effort to uh uh ask for a recommend a uh a slightly lower sentence as they they had agreed to do and they kept their part of the agreement otherwise you'd be in here arguing that they breached the plea agreement well we in failing to make the recommendation well we argue they did breach by failing to object to the enhancement and by failing to they make the if they make their point make the recommendation they don't have to object if the judge doesn't buy it well at the but then the later colloquy between the court and the government attorney was the government attorney thought that that enhancement happened before the increase to level 18 and when the judge correctly said no that is enhanced after the government's response is okay that's not the case like in uh in the the maldonado case where the government still stood by the recommendation said well no it's the government said okay that's a far cry from a delivering a plea agreement i think thank you counsel the case just argued will be submitted for decision and the court will adjourn all those having had business before this honorable court the u.s court you
judges: Goodwin, O'scannlain, Fletcher